## MEYLETTE v. BRENNAN.

STATUTE OF FRAUDS.

An agreement between two or more persons to explore the public domain, and discover and locate lodes for the joint benefit of all, is not within the statute of frauds, and hence need not be in writing.

*Appeal from the District Court of Lake County.*

Mr. A. W. RUCKER and Mr. G. W. TITCOMB, for appellant.

Mr. W. W. COOLEY, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The complaint in this case sets forth what is commonly known as "grub stake" contract; that is, a contract by the terms of which one party is to furnish the necessary provisions, tools, powder, etc., and the other party agrees to prospect and locate mineral lands and do the work necessary to the location of mining claims thereon, the interests thus acquired in the property to be held jointly by the parties.

The admission of evidence at the trial to prove the allegations of plaintiff's complaint was objected to by the defendant for the reason that the complaint did not state facts sufficient to constitute a cause of action; the particular defect claimed by the defendant being that the complaint fails to allege that the plaintiff furnished the provisions, etc., or performed his part of the agreement. The complaint, however, does allege that in pursuance of the contract the defendant discovered and located the Monte Cristo lode mining claim, situate in Maroon Mining District, county of Pitkin and state of Colorado, and caused the same to be made a matter of record, and that plaintiff had demanded of the defendant a deed of conveyance of an one eighth interest in

the said lode mining claim, this being the interest which it is alleged plaintiff was to have under the contract. It is further alleged that said deed was not executed for the reason that the parties were at a distance from any place where the proper execution and acknowledgment of the deed could be had, but that it was then and there agreed that each party had fully kept and performed the conditions imposed upon him by the agreement, and that plaintiff was the owner of and entitled to, and should have a deed of conveyance to the said one eighth interest. Although this form of pleading is not to be commended as a model, the allegations are, we think, in the absence of a special demurrer, sufficient, and that evidence of compliance by the plaintiff with the terms imposed upon him by the contract were properly admitted.

In the district court it was urged that the contract being oral was void under the statute of frauds. It is well established that an agreement between two or more persons to explore the public domain and discover and locate lodes for the joint benefit of all, is not within the statute, and hence need not be evidenced by any writing. *Murley v. Ennis*, 2 Colo. 300.

These being the only objections interposed, the judgment of the district court will be affirmed.

*Affirmed.*